## Fritz Miller v. Western Stone Company.

1. LINE OF EMPLOYMENT—*What is in, etc.*—*Negligence.*—The drilling out of unexploded blasts in holes drilled for blasting rock, and which fail to explode, is in the line of employment of a workman who is employed in a stone quarry to do work connected with the blasting of rock; and requiring him to do so, in the accustomed and ordinary manner in which such work is done at the quarry, is not such negligence as renders the owner liable.

2. SPECIAL INTERROGATORIES—*When Not Inconsistent with the General Verdict.*—In an action for personal injuries there was propounded to the jury the special interrogatory: "Did the plaintiff know, at the time he started to drill out the unexploded hole, that it was dangerous, and did he use due care in doing the work while drilling out the hole?" to which the jury answered, "Yes." *This was held* to mean that the plaintiff knew it was dangerous, but used due care in doing the work. *Also held,* that the answer was entirely consistent with the general verdict for the defendant.

3. SAME—*When Consistent with the General Verdict.*—A negative answer to a special interrogatory, "Did the plaintiff voluntarily undertake to drill out the hole containing the unexploded blast, knowing that such work was dangerous?" must be construed to mean that the plaintiff did so under the command of the foreman, and so not inconsistent with a general verdict for the defendant, as the defendant would not be liable in that case, provided the command did not incur any danger, new or extraordinary, or outside of any usual hazards of the line of employment.

**Trespass on the Case,** for personal injuries. Appeal from Circuit Court of Will County; the Hon. CHARLES BLANCHARD, Judge, presiding. Heard in this court at the May term, 1895. Affirmed. Opinion filed December 10, 1895.

HIGGINS & AKIN and J. S. REYNOLDS, attorneys for appellant.

GARNSEY & KNOX, attorneys for appellee.

MR. JUSTICE HARKER DELIVERED THE OPINION OF THE COURT.

This is an action on the case by appellant to recover for injuries sustained by him in the explosion of a blast in appellee's stone quarry, where appellant was employed as a laborer. There were two trials had. The first resulted in

a verdict for $5,000 in favor of appellant. This was set aside by the court; whereupon plaintiff was granted leave to file an amended declaration and increase the *ad damnum* to $10,000. The amended declaration contains several counts. The evidence heard was applicable to the second count, and upon that count the plaintiff based his right to recover. It charges that the defendant, a corporation, operated a certain stone quarry in Will county; that in order to prosecute its business it was engaged in drilling holes for the purpose of blasting stones; that the plaintiff was in its employ; that it was his duty under his employment to drill certain holes for blasting; that it was not his duty to drill out what was commonly called "missed holes," to wit, holes which had been drilled, charged and loaded with gunpowder and dynamite caps, that had failed to explode; that it was the duty of the defendant to remove the powder and dynamite caps from said "missed holes" that had failed to explode, in a reasonably safe and cautious manner, so that it would be reasonably safe for employes that were in the discharge of their duties in near proximity to where the powder and dynamite caps were being removed from said "missed holes;" that while the plaintiff was in the discharge of his duty as an employe, and while in the exercise of ordinary care and caution for his personal safety, he was ordered by a foreman of the defendant to drill out the powder and dynamite cap that had failed to explode; that the plaintiff did not know the danger of drilling out said "missed hole," which danger was not incident to the plaintiff's employment, and which danger was well known to the defendant, and while the plaintiff was so engaged in drilling out said "missed hole," in pursuance of such order, the blast in said "missed hole" exploded, carrying away the left hand of the plaintiff, and severely wounding him in the breast, neck and face.

In seeking a reversal of the judgment, appellant urges, first, that the verdict of the jury is against the evidence; second, that the court erred in giving instructions Nos. 8 and 10; third, that the special findings of the jury are irreconcilable with the general verdict.

The record in the case shows that the injury complained of occurred on the 22d of March, 1892; that the plaintiff had been engaged in laboring in stone quarries around the city of Joliet for several years; that he had been in the employ of appellee about two months prior to the accident; that stone from the quarry is removed from its place by means of blasting; that it was the habit of the appellee, as it was with all other companies in which appellant had worked, to drill holes for several feet in depth and put in them charges of powder and dynamite caps, connecting the caps with an electric battery, and connecting each of the series of holes together; and when the drilling, the charging and connecting were completed, the men engaged in the work would retire to a place of safety; the blast would then be exploded and the stone broken into rubble. It sometimes occurred that some of the blasts would not explode. These holes were called "missed holes." It was usual for the men to drill out "missed holes," because the work was easier, and could be performed more rapidly than the drilling of new holes.

On the day of the accident the foreman of the quarry was one John Stender; the foreman of the gang in which appellant was employed was Ashley Porter. Appellant and those of his gang had completed drilling six holes, which were about six feet in depth, and had charged them in the usual way by putting in about eighteen inches of powder and then a dynamite cap, and a wire connecting it with the electric battery, and after that about six inches more of powder, and then about four feet of tamping of cinders. After the holes were all charged they were connected with the battery, the alarm was given, the battery was turned on, and the blast in the hole which Miller had assisted in charging, and others, failed to explode. After tests were made in different ways with the battery, it was found that two would not explode. The men gathered around, and when it was ascertained that the two holes would not explode, the foreman directed the one to be drilled out. There is some dispute as to whether Miller proceeded to drill the hole under the command of the foreman. At all events,

Miller v. Western Stone Co.

.while he was so engaged, the blast exploded, and appellant was so seriously injured that amputation of his arm was necessary, and his head, neck and side seriously injured.

It is claimed by appellant that the drilling of a "missed hole" was out of his line of employment, and that he was forced into it by his foreman against his wishes. We think the evidence warrants the conclusion that he was employed to do any work connected with the blasting of the rock that the foreman saw fit to set him at, and that such included the drilling of original holes and "missed holes." Whether he undertook the drilling of the "missed hole" under the command of the foreman, or at his suggestion merely, is not clear. There is no evidence, however, that he did so against his wishes. He made no protest, but seemed perfectly willing to do so. The manner in which the "missed hole" was being drilled at the time of the explosion was the method which had been in use at this quarry, and others in the vicinity of Joliet, for several years. Appellant knew this, and had had experienced in that line himself. So far as appears from the evidence, this is the first explosion that occurred in doing the work in that way. The entire business of blasting with dynamite and powder is attended with danger. The declaration avers that it was the duty of defendant in removing the powder and dynamite caps from "missed holes" that had failed to explode, to do so in a reasonably safe and cautious manner. It does not appear that any other mode than that adopted for drilling "missed holes" would be attended with less danger. It was not a new and extraordinary mode. If danger attended it, it had existed for years, and was as well known to appellant and the other workmen engaged in that line as to appellee. But there was no proof in the record that appellee had, before the time of this explosion, received any warning that the method employed by its servants in drilling "missed holes" was dangerous. Its continued use for several years without accident would seem to indicate that it was reasonably safe. Considering that dynamite caps were used, we fail to see such negligence in appellee as to render it liable.

This case is entirely different from the case of the Chicago Anderson Pressed Brick Company v. Subkowiak, reviewed by this court, and subsequently by the Supreme Court, 45 App. 323, 148 Ill. 548. In that case the plaintiff was directed by his foreman to go in a dangerous place while protesting against doing so, under the assurance of the foreman that he could do so with safety. The plaintiff knew that he was sending him into a dangerous place. The plaintiff had the right to rely upon the statement and assurances of the foreman that the place he was entering was safe, and the order given him by his foreman increased the usual hazards of the work. This view relieves us from an extended discussion of the 8th and 10th instructions given by appellee, which appellant contends contain the same vice as the fourth refused instruction in the Subkowiak case.

The appellant contends that the answers to the special interrogatories were irreconcilable with the verdict. The first interrogatory was, " Did the plaintiff know at the time he started to work on the unexplored hole that it was dangerous, and did he use due care in doing the work while drilling out the hole? " To which the jury answered, " Yes." While this interrogatory could have been refused by the court, for the reason that it was double, and admitted of two answers, inasmuch as the jury answered in the affirmative we take it that they meant to say that the plaintiff knew at the time he started to work on the unexplored hole that it was dangerous, and that he did use due care in doing the work while drilling out the hole. If so, then their answer was entirely consistent with the general verdict. The second interrogatory was, " Did the plaintiff voluntarily undertake to drill out the hole containing this unexploded blast, knowing that such work was dangerous? " While the interrogatory is somewhat ambiguous, we take it that the jury meant to say by the answer that the plaintiff did not voluntarily undertake to drill out the hole, but did so under the command of the foreman. This was entirely consistent with the general verdict, if we are correct in our conclusions that the proof shows no such negligence upon the

Miller v. Western Stone Co.

part of appellee as to entitle the plaintiff to recover.   Even
if it be conceded that appellant undertook to drill out a hole
under the order of the foreman, still the company would
not be liable provided the order did not incur any danger,
new or extraordinary, or without any unusual hazards of the
line of employment.   The answer to the last interrogatory
was that appellant knew that the hole was loaded, and
knew that it was liable to explode in drilling it out.   It is
certainly consistent with the general verdict.

We see no reason for disturbing the finding of the jury.
The judgment will therefore be affirmed.